UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP |
| | ) | |
| SHADEJA CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the Court on the Defendant's Emergency Motion for Escorted or Unescorted Release to Attend Funeral [Doc. 529], filed by Defendant Shadeja Chandler on September 18, 2020. *See* 28 U.S.C. § 636(b). Defendant Chandler, who is detained pretrial, following the revocation of her release on June 3, 2020 [Doc. 428], is scheduled for a change of plea hearing by video conference on September 24, 2020. In the instant motion, the Defendant asks to attend the funeral of her grandmother, who passed away on September 15, 2020. The motion says the Defendant was very close to her grandmother, who had custody of her three minor children. Defendant states her grandmother's services are on September 25, 2020, with the receiving of friends occurring from 10:00 a.m. to 1:00 p.m. and the funeral following from 1:00 p.m. to 3:00 p.m., at the Greater Warner Tabernacle AME Zion Church, in Knoxville, Tennessee. Defendant Chandler asks the Court to order the United States Marshals service to escort her to her grandmother's funeral or, alternatively, to grant her temporary release, under conditions the Court deems appropriate, to attend her grandmother's services.

Unfortunately, the undersigned finds that the requested release, either unescorted or in the custody of the United States Marshals Service, must be denied. Defendant Chandler is charged [Doc. 99], along with twenty-four named codefendants and unnamed "others," with

conspiring to distribute and possess with intent to distribute fentanyl and heroin (Count One), conspiring to commit money laundering (Count Two), and possession of fentanyl and heroin with intent to distribute on April 22, 2019 (Count Nine). Defendant Chandler was originally released on conditions, but the Court subsequently found clear and convincing evidence that the Defendant was violating her conditions of release by communicating with a codefendant [Doc. 428]. The Court also found that Defendant Chandler was unlikely to abide by any conditions the Court might impose. Of high importance to the instant request, the Court observes that during the hearing, the Defendant acknowledged her codefendant's potential tie to the drive-by shooting of her young child and direct threats made against her. For these reasons, the temporary conditional release of Defendant Chandler raises serious concerns for the Court with regard to the safety of the community.

Additionally, the Court has consulted with the United States Marshals Service and has been informed that, even if the Defendant could pay the associated costs, the transport and securing of the Defendant cannot be accommodated due to the security risk presented by the Defendant's presence outside of the jail and the strain on manpower for the Marshals. For this reason, the Defendant's Emergency Motion for Escorted or Unescorted Release to Attend Funeral [**Doc. 529**] is **DENIED**. Defense counsel is **DIRECTED** to inform the Defendant of the Court's ruling as soon as possible.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge